IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DULCES ARBOR, S. de R.L. de C.V., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Cause No. 12-CV-436 |
| DULCES BLUEBERRY, S.A. de C.V., | ) ) ) |
|     Defendant. | ) |

## ORIGINAL COMPLAINT

To the Honorable United States District Court Judge:

Comes now Dulces Arbor, S. de R.L. de C.V. and files this original complaint for and against Dulces Blueberry S.A. de C.V., and respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 35 U.S.C. § 271, because Dulces Blueberry produces, uses, offers to sell, sells within the United States, and/or imports into the United States, products that infringe on Dulces Arbor's patent. Venue is proper under 28 U.S.C. § 1400(b) in the Western District of Texas, El Paso Division because Dulces Blueberry has committed acts of infringement in this District.

### PARTIES AND SERVICE

2. Dulces Arbor is a corporation organized under the laws of the Republic of Mexico.

3. Dulces Blueberry is a corporation organized under the laws of the Republic of Mexico which does and/or has done business in Texas. Dulces Blueberry may be served at 1810 Calle Magneto, Juarez, Chihuahua, Mexico.

4. As such, service of process can be served, pursuant to Federal Rule of Civil Procedure 4(f)(1), upon Dulces Blueberry. Dulces Arbor moves this Court to order the issuance of the attached Letters Rogatory directed to the appropriate authority in Juarez, Chihuahua, Mexico requesting assistance in effectuating service on Dulces Blueberry.

## FACTUAL BACKGROUND

5. Dulces Arbor is the lessor of an approximately 330,000 square foot building (the "Property") in Juarez, Mexico. Since at least 1988, the Property has been utilized as a candy manufacturing facility. Dulces Arbor was previously the candy-manufacturing *maquila* for El Paso based Blueberry Sales, LLP.

6. On August 15, 2000, United States Letters Patent No. 6,101,784 entitled "Patent Wrapping Machine" was issued to Raymond Ducorsky and Jason Schoen. It was granted to them for the invention of the Product Wrapping Machine. The equipment utilizing the technology protected by the Product Wrapping Machine Patent has an approximate length of 102 inches, a width of approximately 44 inches, a height of approximately 64 inches and an approximate weight of 1200 pounds. The aforesaid specifications may have been modified by Dulces Blueberry without the knowledge or approval of the inventors. The Product Wrapping Patent equipment is commonly known as "flow pack" or "flow wrap" machines and has an appearance similar to the below:



7. Dulces Arbor acquired the rights to the Product Wrapping Machine Patent. Dulces Arbor is the owner of all past, present and future right, title, and interest in the Product Wrapping Machine Patent as well as all inventions and discoveries covered by the Product Wrapping Machine Patent and all divisions, continuations, continuations in part, reissues,

3

reexaminations or extensions thereof, and any other inventions or discoveries related thereto (the "Patent Rights") as well as to technical information, know how, processes, procedures, compositions, devices, methods, formulas, protocols, techniques, software, designs, drawings, or data created by the inventors and Dulces Arbor in relation to the Product Wrapping Machine Patent (the "Technology Rights").

8. The inventors and Dulces Arbor have owned the Product Wrapping Machine Patent throughout the period of the Dulces Blueberry's infringing acts. Dulces Arbor owns the Product Wrapping Machine Patent and has full and exclusive rights to bring suit to enforce the Product Wrapping Machine Patent, including the right to recover for past, present and continuing infringement.

9. In 2007, Blueberry Sales contributed certain assets, which included all the shares in Dulces Blueberry along with the assets of Chicago based Sweet Ventures, Inc., to jointly create El Paso based Simply Goodies, LLP. Simply Goodies manufactured, marketed and distributed candy. Upon the creation of Simply Goodies, ownership of Dulces Blueberry passed to Simply Goodies. Dulces Blueberry then became the candy manufacturing arm of Simply Goodies. Simply Goodies candy manufacturing took place in the Property, and such manufacturing services were provided by Dulces Blueberry. As part of the creation of Simply Goodies, Dulces Arbor entered into a lease with Dulces Blueberry (the "Lease") with Simply Goodies of El Paso guaranteeing the Lease.

10. In 2007 a Patent Licensing Agreement was granted to Simply Goodies for the use of certain Patent Rights and Technology Rights in inventions and discoveries covered by the Product Wrapping Machine Patent. In addition to other requirements, Simply Goodies was required to permanently and legibly mark all applicable products and documentation manufactured by it under the Patent Licensing Agreement with a patent notice as may be

permitted or required by Title 35 of the United States Code. Subsequently, Simply Goodies breached the Patent Licensing Agreement. Simply Goodies was given notice of its breach and failed to respond, and thereby its rights in the Product Wrapping Machine Patent terminated in mid-2008. Simply Goodies was provided written notice of the infringement as required by 35 U.S.C. § 287.

11. In 2010, Raymond Ducorsky sued Dulces Blueberry in the 34th District Court of El Paso County, Texas, cause number 2010-3867, for infringement of his patent. In 2011, Dulces Arbor sued Dulces Blueberry in the United States Bankruptcy Court for the Western District of Texas; Adv. Proceeding No. 11-31199-LMC.

12. Dulces Blueberry has infringed and is still infringing on the Product Wrapping Machine Patent by using the technology protected by the Product Wrapping Machine Patent and the equipment containing the Product Wrapping Machine Patent technology and then, based on information and belief, products utilizing Dulces Arbor's Product Wrapping Machine Patent are distributed to regional and national retailers, wholesalers, and re-packagers, and throughout the United States including possibly, but not limited to, Wal-Mart, Family Dollar and Albertson's.

13. Dulces Blueberry and possibly others are manufacturing products using the Product Wrapping Machines. Products produced for and or distributed by Mount Franklin Foods using the Product Wrapping Machines are regularly shipped to Mount Franklin Foods in El Paso, Texas.

14. Mount Franklin Foods is distributing the products produced on the Product Wrapping Machines regularly throughout the United States on an almost daily basis.

15. Dulces Arbor has suffered and continues to suffer irreparable injury as a result of Dulces Blueberry's infringement of Dulces Arbor's Wrapping Machine Patent, the Patent Rights and the Technology Rights. The injury is irreparable because Dulces Blueberry is using the

Wrapping Machine Patent, the Patent Rights and the Technology Rights in direct opposition to Dulces Arbor's patent rights and deprives Dulces Arbor of its right to exclude others and will encourage others to infringe and interfere with Dulces Arbor's ability to control use and licensing of the technology.

16. The remedies available at law, such as monetary damages, are inadequate to compensate for Dulces Arbor's injury. The right to exclude, including the right to control the commercial terms of its license, is also an irreparable injury that Dulces Arbor suffers that cannot be recouped through monetary awards.

## COUNT ONE
## INFRINGEMENT OF THE WRAPPING PATENT

17. The Product Wrapping Machine Patent is valid and enforceable.

18. Upon information and belief, in violation of 35 U.S.C. § 271, Dulces Blueberry produces, uses, offers to sell, sells within the United States, and/or imports into the United States, products that infringe the Product Wrapping Machine Patent as well as the Patent Rights and Technology Rights related thereto, including but not limited to the wrapping of a variety of candy products that are in a variety of shapes such as the following:



19. Upon information and belief, Dulces Blueberry willfully infringed and is infringing on the Product Wrapping Machine Patent, the Patent Rights and the Technology Rights.

20. Upon information and belief, Dulces Blueberry's acts of infringement of the Product Wrapping Machine Patent, as well as the Patent Rights and the Technology Rights related thereto, will continue after service of this complaint.

21. As a result of Dulces Blueberry's infringement, Dulces Arbor has suffered and will continue to suffer damages. Dulces Arbor is entitled to recover from Dulces Blueberry the damages sustained by it as a result of Dulces Blueberry's wrongful acts in an amount subject to proof at trial.

**COUNT TWO
ATTORNEY'S FEES**

22. Dulces Blueberry's conduct as described in this complaint and the resulting damage and loss to Dulces Arbor has necessitated Dulces Arbor to employ the undersigned firm of attorneys to file suit. Dulces Arbor seeks reasonable attorneys' fees and costs of court incurred in bringing this suit.

**WHEREFORE, PREMISES CONSIDERED,** Dulces Arbor prays that Dulces Blueberry be cited to appear and answer herein; Dulces Blueberry be found to have infringed the Product Wrapping Machine Patent, the Patent Rights and the Technology Rights; Dulces Blueberry's infringement of the Product Wrapping Machine Patent, the Patent Rights and the Technology Rights to be found to have been willful; Dulces Blueberry be ordered to pay damages adequate to compensate Dulces Arbor for Dulces Blueberry's infringement of the Product Wrapping Machine Patent, the Patent Rights and the Technology Rights pursuant to 35 U.S.C. § 284, including an accounting; Dulces Blueberry be ordered to pay treble damages pursuant to 35 U.S.C. § 284; Dulces Blueberry be ordered to pay Debtor/Plaintiff's attorney's fees pursuant to 35 U.S.C. § 285; the Court have a hearing on an application for restraining order and injunction, and after said hearing the Court enjoin Dulces Blueberry from further infringement of the Wrapping Machine Patent, the Patent Rights and the Technology Rights;

Dulces Arbor be granted pre-judgment interest at the highest rate permitted by law on the total amount of the judgment; Dulces Arbor be granted post-judgment interest at the highest rate permitted by law on the total amount of the judgment until paid; Dulces Arbor be granted judgment for all costs of court and for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled; and for all such other relief as deserves in the circumstances, whether general, or special at law or equity.

Respectfully submitted,

**PIERCE & LITTLE, P.C.**
221 N. Kansas, Suite 1301
El Paso, Texas 79901
Telephone: (915) 351-9772
Facsimile: (915) 351-9976

By: *[signature]*
**DAVID PIERCE**
State Bar No. 15992700
**ROBERT L. EDWARDS**
State Bar No. 24058290
Attorneys for Dulces Arbor, S. de R.L. de C.V.